

IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

CV 10- 1068

| | | |
|---|---|---|
| JAVIER ROSALES | § | |
| Plaintiff | § | Case No.: _____ |
| v. | § | |
| LR CREDIT 14, LLC; and | § | KORMAN, J. COMPLAINT AND JURY DEMAND |
| MEL S. HARRIS AND ASSOCIATES, LLC | § | GO, M.J. |
| Defendant | § | |

Plaintiff JAVIER ROSALES brings suit against defendant debt collectors LR CREDIT 14, LLC and MEL S. HARRIS AND ASSOCIATES, LLC for their violations of the Fair Debt Collection Practices Act, 15 U.S.C. 1692.

### A. JURISDICTION AND VENUE

1. The Court has federal question jurisdiction over the lawsuit under 28 U.S.C. 1331 because the action arises under the Fair Debt Collection Practices Act, 15 U.S.C. 1692, et seq., (the "FDCPA"), a federal statute. Declaratory relief is available pursuant to 28 U.S.C. 2201 and 2202.

2. Venue in this District because all or a substantial part of the events or omissions giving rise to their claims occurred in Brooklyn, New York.

3. Plaintiff is an individual who resides in Kings County, New York.

4. Defendant LR CREDIT 14, LLC is a corporation organized under the laws of the State of New York, with its principle place of business at 315 Park Ave. South, 20th Floor, New York, NY 10010. It may be served by and through the New York Secretary of State, Department of State's office at One Commerce Plaza, 99 Washington Avenue, Albany, NY 12231.

5. Defendant MEL S. HARRIS AND ASSOCIATES, LLC is a limited liability corporation

organized under the laws of the State of New York, with its principle place of business at 5 Hanover Square, 8th Floor, New York, NY 10004. It may be served by and through the New York Secretary of State, Department of State's office at One Commerce Plaza, 99 Washington Avenue, Albany, NY 12231.

## B. STATEMENT OF FACTS

6. On or about January 2, 2008 defendant LR Credit 14, LLC filed a lawsuit in Kings County Civil Court seeking to collect an alleged credit card debt from plaintiff. At all times relevant to this lawsuit, the actions of defendant LR Credit 14, LLC was acting through its agent, the debt collection law firm of Mel S. Harris and Associates LLC ("Harris").

7. On or about April 23, 2008 plaintiff and defendants entered into a stipulation of payment that plaintiff pay the full amount of the debt seeking to be collected ($1,666.79), plus alleged disbursements of $63.50. Plaintiff agreed to make an initial payment of $298.98, with subsequent payments of $75 per month until the alleged debt was paid. Under the terms of the agreement, interest was to accrue at 9% on the declining principal balance. The collections lawsuit had demanded "reasonable attorney fees of $15% [of the $1,666.79 amount claimed to be due], to wit: $250.02." However the stipulation of payment agreement – drafted by defendants – explicitly stated that the parties agreed there would no attorney's fees.

8. Plaintiff fully complied with his obligations under the agreement, timely making each payment.

9. However, defendants padded the numbers in their communications with plaintiff, seeking to collect fees not authorized by the terms of the stipulation of payment agreement. In

2

communications to plaintiff seeking to collect the stipulation of payment, defendants also misrepresented the character and amount of the original amount, the interest accrued, the total amount due, and the fees and costs that were due. These communications include telephone conversations, and letters, including letters dated June 26, 2009 and September 24, 2010.

10. By way of example and not limitation, on or about June 26, 2009 defendants sent plaintiff a collections letter demanding an additional $250.02 for "fees/costs" that were nowhere agreed to under the terms of the stipulation. Indeed, the additional amount matched to the penny the amount defendants had initially sought in their collections lawsuit for attorney's fees. Again, in the stipulation the amount of attorney's fees was agreed to be zero.

11. On information and belief, defendants were also charging 9% interest not only on the declining principal but also on the alleged disbursements ($63.50). This is not authorized with under law or under the terms of the stipulation of payment.

12. Plaintiff disputed the $250.02 collections charge with defendants both orally and in writing and demanded an explanation for the additional fee. Defendants refused to give plaintiff an explanation. Instead, defendants sent plaintiff yet another collections letter which also included misrepresentations as to charges and amounts due. Plaintiff paid defendants more than was authorized by the terms of the stipulation of settlement. Plaintiff made clear to defendants that he was doing so under strong protest and for the reason of protecting his credit report from false reporting by defendants.

13. Defendants file thousands of collections lawsuits each year. On information and belief defendants actions in padding charges to consumers is not an isolated incident but rather a

3

pattern and practice to attempt to collect and to actually collect fees not authorized by expressly contract or by permitted law.

## COUNT # 1: Violations of the federal Fair Debt Collection Practices Act.

14. Plaintiff repeats and realleges each and every allegation set forth above as if reasserted and realleged herein.

15. The purpose of the FDCPA is to eliminate abusive practices and to ensure that legitimate debt collectors are not competitively disadvantaged. 15 U.S.C. 1692(a)(e) ("It is the purpose of [the FDCPA] to eliminate abusive debt collection practices by debt collectors, [and] to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged…")

16. Congress designed the FDCPA to be enforced primarily through private parties -- such as plaintiff -- acting as "private attorneys general." See S. Rep. No. 382, 95th Con., 1st Sess. 5, ("The committee views this legislation as primarily self-enforcing; consumers who have been subject to debt collection abuses will be enforcing compliance.")

17. Plaintiff is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

18. Defendants are each a "debt collector" as that term is defined in 15 U.S.C. § 1692a(6).

19. The obligation alleged by defendants to be owed by plaintiff is a "debt" as defined by 15 U.S.C. § 1692a(5).

20. Defendants acquired the alleged debt that formed the basis of the underlying lawsuit after it went in default with the alleged original creditor.

21. Defendants' telephone calls and letters to plaintiff were attempts to collect a debt within

4

the meaning of the Fair Debt Collection Practices Act.

22. Defendant violated the following sections of the FDCPA: 15 U.S.C. 1692d, 1692e, and 1692f. By way of example and not limitation defendant violated the F.D.C.P.A. by taking the following actions in an attempt to collect a debt or in connection with an attempt to collect a debt: misrepresenting the character, status, and amount of the debt; the services rendered or compensation which may be lawfully received; attempting to collect an amount not expressly authorized by contract or permitted by law; threatening to take or actually taking an action prohibited by law, or which is not intended to be taken; by the using false, deceptive or misleading representations or means; using a unfair or unconscionable means; engaging in conduct the natural consequence of which is to harass, oppress any person; communicating with a third party; and communicating or threatening to communicate to any person false credit information.

23. Defendants' actions have damaged plaintiff.

### C. JURY DEMAND.

24. Plaintiff demands a trial by jury.

### D. PRAYER

25. For these reasons, Plaintiff asks for judgment against defendants for the following:

    i. The above referenced relief requested;

    ii. Statutory damages of up to $1,000.00 pursuant to 15 U.S.C. § 1692k (FDCPA)

    iii. Actual damages within the jurisdictional limits of the court;

    iv. Attorney fees and costs;

    v. Prejudgment and post-judgment interest as allowed by law;

5

vi. General relief;

vii. All other relief, in law and in equity, both special and general, to which Plaintiff may be justly entitled.

Respectfully submitted,
/s/

Ahmad Keshavarz
THE LAW OFFICES OF AHMAD KESHAVARZ
NY State Bar Registration Number: 4524260

The Law Office of Ahmad Keshavarz
16 Court St., 26th Floor
Brooklyn, NY 11241-1026

Phone: (718) 522-7900
Fax:     (877) 496-7809
Email: Ahmad@NewYorkConsumerAttorney.com